James Everett Shelton
316 Covered Bridge Road
King of Prussia, PA 19406
(484) 626-3942
jeshelton595@gmail.com

**Plaintiff, Pro Se**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES EVERETT SHELTON**<br>**316 Covered Bridge Road**<br>**King of Prussia, PA 19406**<br>                    **Plaintiff**<br><br>        v.<br><br>**STRATEGIC FUNDING SOURCE, INC.,**<br>**d/b/a KAPITUS**<br>**c/o Corporation Service Company**<br>**80 State Street**<br>**Albany, NY, 12207**<br>                    **Defendant** | No. _____ |

## COMPLAINT:

Plaintiff, James Everett Shelton, brings this action against Defendant STRATEGIC

FUNDING SOURCE, INC., d/b/a KAPITUS, and alleges based on personal knowledge and

information, and belief, as follows:

### Preliminary Statement

1.      As the Supreme Court recently explained, "Americans passionately disagree about many

things. But they are largely united in their disdain for robocalls. The Federal Government receives

a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. . . . For

nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am.*

*Ass'n of Pol. Consultants LLC*, 140 S. Ct. 2335, 2343 (2020).

2.      Plaintiff James Everett Shelton ("Plaintiff") brings this action under the Telephone

Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, alleging that STRATEGIC FUNDING

SOURCE, INC., d/b/a KAPITUS sent a series of automated telemarketing calls for the purposes

of commercial solicitation by contacting Plaintiff's cellular telephone number listed on the

National Do-Not-Call Registry, which is prohibited by the TCPA.

3.      Plaintiff never consented to receive any of these calls, which were placed to him for

telemarketing purposes.

## Parties

4.      The Plaintiff is JAMES EVERETT SHELTON ("Plaintiff"), a natural person, and resides

in King of Prussia, PA 19406, and is a citizen of the Commonwealth of Pennsylvania, and was

the individual who received the alleged phone calls in this case on his private mobile telephone,

and was a resident of the Eastern District of Pennsylvania during the calls.

5.      Defendant STRATEGIC FUNDING SOURCE, INC., d/b/a KAPITUS ("Kapitus") is a

corporation organized and existing under the laws of the State of New York, and can be served

via its registered agent, Corporation Service Company, at 80 State Street, Albany, NY 12207.

Defendant is headquartered in New York City with its principal place of business located at 120

W. 45th St, New York, NY 10036.

6.      Defendant markets and sells, *inter alia*, loans and business financing to people in

Pennsylvania, and engages in telemarketing into this district, as it did with the Plaintiff.

## Jurisdiction & Venue

7.      This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims

pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs.,*

*LLC*, 556 U.S. 368, 372 (2012).

8.      This Court has personal jurisdiction over the Defendant because they have repeatedly placed telemarketing calls to Pennsylvania residents with Pennsylvania telephone area codes, and derive revenue from Pennsylvania residents, and they sell goods and services to Pennsylvania residents, including the Plaintiff.

9.      Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(1)-(2) in that Defendant conducts business in, and a substantial part of the events giving rise to Plaintiff's claims occurred in Montgomery County, Pennsylvania, and Plaintiff was residing in the Eastern District of Pennsylvania (in King of Prussia, PA) during all of the calls made by Defendant as alleged in this action. Plaintiff maintains a phone number with a (484) area code which represents a phone service region inside the Eastern District of Pennsylvania, which Defendant called on at least thirteen (13) different occasions for the purposes of commercial solicitation. Defendant conducts business in this judicial district by calling Pennsylvania citizens.

<b><u>Statutory Background</u></b>
<b><u>The Telephone Consumer Protection Act</u></b>

10.      In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing ... can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

<u>The TCPA Prohibits Automated Telemarketing Calls</u>

11.      The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service ... or any service for which the called party is charged for the call." See 47 U.S.C. § 227(b)(l)(A)(iii).

12. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(l)(A). See 47 U.S.C. § 227(b)(3).

13. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

14. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." I*n re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

15. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]" In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

The National Do-Not-Call Registry

16. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the

registration is cancelled by the consumer or the telephone number is removed by the database administrator." Id.

**17.** The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

**18.** The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

**19.** A text message is considered a "call" under the TCPA. *Campbell-Ewald Co. v. Gomez,* 136 S. Ct. 663 (2016).

### Factual Allegations

**20.** Kapitus provides loans to companies.

**21.** Kapitus' telemarketing efforts include the use of automated dialing equipment to send automated calls.

**22.** At all times relevant hereto, Plaintiff maintained and used a cellular telephone line, with phone number (484) 626-3942.

**23.** At all times material hereto, Plaintiff was the subscriber of the telephone number (484) 626-3942 and paid his cell phone bill through T-Mobile.

**24.** Plaintiff's phone number is his private cell phone number and is used by Plaintiff solely.

**25.** At all times material hereto, Plaintiff's phone number was registered with T-Mobile as his personal telephone number and not as a business number.

**26.** Plaintiff's personal cellular telephone number is a "residential" telephone number that he uses for various personal, family, and household purposes, such as sending and receiving emails, timing food when cooking, sending and receiving text messages, calling friends and family while

at home, using the phone's alarm function to wake up in the morning, and for navigation purposes.

**27.**     Plaintiff's personal cellular telephone number (484) 626-3942 has been registered on the National Do-Not-Call Registry since June 26, 2015.

**28.**     Plaintiff registered his phone number on the Do Not Call list in order to obtain solitude from invasive and harassing telemarketing calls and text messages. The calls prevented Plaintiff from using his phone for legitimate purposes.

**29.**     The Plaintiff has received at least thirteen (13) telemarketing calls between June 17, 2019 and September 19, 2019 to his personal cell phone number 484-626-3942, without his prior express written consent and not related to an emergency purpose, promoting working capital and/or financing services from Defendant Kapitus.

**30.**     **Call 1:** On July 28, 2021 at 3:38 PM EDT, the Plaintiff received a telemarketing call which displayed on Plaintiff's caller identification as (212) 812-4646.

**31.**     The Plaintiff answered and received a scripted sales pitch about business funding from the caller.

**32.**     The caller identified himself as "Raziel Garcia" with Kapitus.

**33.**     In order to confirm the caller's identity and his company's information, the Plaintiff feigned interest in Defendant's telemarketing pitch, and asked Mr. Garcia to send Plaintiff an e-mail, but Plaintiff did not consent to receive any calls back in the future.

**34.**     As a direct result of the telemarketing call, Raziel Garcia, rgarcia@kapitus.com, contacted the Plaintiff by e-mail shortly after the call ended, at 3:43 PM EDT, attempting to get the Plaintiff to purchase Kapitus' loan services.

6

35.     The e-mail's subject header was "Please DocuSign: Kapitus_Merchant_Application.pdf" and included a DocuSign link sent by Raziel Garcia from Kapitus. *See* Exhibit "1", a true and correct printout of said email.

36.     The "DocuSign" e-mail included the name "James Symons" which is not the Plaintiff's name, and is not a name that Plaintiff has ever used or gone by.

37.     Plaintiff does not have any affiliation with anyone by the name of "James Symons".

38.     Plaintiff also received an e-mail at 3:45 PM with the subject header "Bank statements !", attempting to get the Plaintiff to purchase Kapitus' loan services. *See* Exhibit "2".

39.     **Call 2:** At 12:50 PM, the Plaintiff received a telemarketing call which displayed on Plaintiff's caller ID as (212) 664-8517, and upon answering, Plaintiff was connected with a representative calling on behalf of Kapitus.

40.     The Plaintiff hung up the phone without providing consent to Defendant for any future telephone contacts.

41.     **Call 3:** On June 18, 2019 at 4:29 PM EDT, the Plaintiff received a telemarketing call from Raziel Garcia with Kapitus calling from caller ID (212) 812-4646.

42.     The Plaintiff did not answer this call.

43.     Mr. Garcia left a voicemail message for the Plaintiff attempting to get the Plaintiff to apply for a loan with Kapitus.

44.     **Call 4 (text message):** On June 20, 2019 at 10:36 AM, the Plaintiff received a text message from phone number 929-203-3931 which read: "Hey James, when you get the chance give me a call I started getting your file ready and wanted to get an update on getting me the application with the bank statements. – Raziel from Kapitus." A true and correct screenshot of this text message is attached as Exhibit "3".

**45.**    **Call 5:** On June 20, 2019 at 2:04 PM, Plaintiff received a missed call from the same caller ID, 212-812-4646.

**46.**    **Call 6:** On June 25, 2019 at 1:48 PM, the Plaintiff received a missed call and voicemail from Raziel Garcia from phone number, 212-812-4646, calling on behalf of Kapitus.

**47.**    The voicemail said: "*Hey James, it's Raz over at Kapitus. Just give me a call at 212-812-4646.*"

**48.**    **Call 7:** On June 27, 2019 at 12:36 PM, the Plaintiff received a prerecorded voicemail from phone number (646) 722-1493 which said: "*Hi, this is Shelby calling from Kapitus. I'm reaching out because I recently came across your business financing application that you had submitted a little while back. But it's my understanding that we weren't able to find you the financing that you were looking for. So I wanted to reach out and let you know that we've recently updated our product offerings and our upgraded our pricing options, um, so I think that we may now be able to find something that would for you. If you're interested, please give me a call back. Our direct line is 646-722-1493. Again, that number is 646-722-1493. Thanks again, looking forward to hearing back from you.*"

**49.**    **Call 8:** On July 19, 2019, the Plaintiff received a prerecorded voicemail from phone number (646) 722-1493.

**50.**    The content of the voicemail message was the *exact same voicemail message* as Call #7 that occurred on June 27, 2019, without even any slight changes or modifications.

**51.**    This is because the voicemail message was sent using an artificial or prerecorded voicem, and was not actually left by a human being at the time of the phone call.

**52.**    **Call 9:** On July 25, 2019 at 11:58 AM, the Plaintiff received a voicemail from phone number (212) 812-4646.

**53.**     No actual voice message was left.

**54.**     Instead, the voicemail only contained background noise.

**55.**     **Call 10:** On July 31, 2019 at 10:10 AM, Plaintiff received a prerecorded voicemail from phone number (646) 722-1493.

**56.**     The content of the voicemail message was the *exact same voicemail message* as Calls #7-8 that occurred on June 27 and July 19, 2019, respectively, without even any slight changes or modifications.

**57.**     Again, this is because the voicemail message was sent via an artificial or prerecorded voice.

**58.**     **Calls 11-14:** Plaintiff received prerecorded voicemail messages from phone number (646) 722-1493 on the following dates and times: August 15, 2019 at 11:41 AM, August 26, 2019 at 11:49 AM, September 10, 2019 at 10:24 AM, and September 19, 2019 at 11:09 AM.

**59.**     All of these voicemails were prerecorded and had the *exact same prerecorded voicemail messages* as previously described above in Calls #7, 8 and 10, with no slight modifications or changes whatsoever.

**60.**     These calls were all made for the purposes of advertising Defendant's loan and/or financial services to the Plaintiff.

**61.**     On this basis, the Plaintiff avers that Calls 7-8 and 11-14 were initiated to his phone number using an "artificial or prerecorded voice". *See* 47 U.S.C. § 227(b)(1)(A).

**62.**     The following is a table detailing the telemarketing calls sent by Defendant to the Plaintiff's personal cell phone number:

| Call Number: | Date: | Time | Caller ID: | Notes |
| --- | --- | --- | --- | --- |

| 1 | 06/17/2019 | 3:38 PM | (212) 812-4646 | Telemarketing call. Received e-mail from "Raziel Garcia" at 3:45 PM. |
|---|---|---|---|---|
| 2 | 6/17/2019 | 12:50 PM | (212) 664-8517 | Call from Raziel Garcia. Lasted 1 minute. |
| 3 | 06/18/2019 | 4:29 PM | (212) 812-4646 | Voicemail from Raziel Garcia |
| 4 | 06/20/2019 | 2:04 PM | (212) 812-4646 | Missed Call |
| 5 | 06/20/2019 | 10:36 AM | (929) 203-3931 | Text Message from Raziel Garcia |
| 6 | 06/25/2019 | 1:48 PM | (212) 812-4646 | Voicemail from Raziel Garcia |
| 7 | 06/27/2019 | 12:36 PM | (646) 722-1493 | Prerecorded Voicemail from Shelby with Kapitus |
| 8 | 07/19/2019 | 12:46 PM | (646) 722-1493 | Prerecorded Voicemail from Shelby with Kapitus |
| 9 | 07/25/2019 | 11:58 AM | (212) 812-4646 | Voicemail, but no actual message left, just dead air. |
| 10 | 07/31/2019 | 10:10 AM | (646) 722-1493 | Prerecorded Voicemail from Shelby with Kapitus |
| 11 | 08/15/2019 | 11:41 AM | (646) 722-1493 | Prerecorded Voicemail from Shelby with Kapitus |
| 12 | 08/26/2019 | 11:49 AM | (646) 722-1493 | Prerecorded Voicemail from Shelby with Kapitus |
| 13 | 09/10/2019 | 10:24 AM | (646) 722-1493 | Prerecorded Voicemail from Shelby with Kapitus |
| 14 | 09/19/2019 | 11:09 AM | (646) 722-1493 | Prerecorded Voicemail from |

| | | | | Shelby with Kapitus |
|---|---|---|---|---|

63.     On October 2, 2019, Plaintiff received another e-mail from Mr. Garcia containing a DocuSign link. The DocuSign link was subsequently "voided" on October 16, 2019. Upon clicking the DocuSign link, Plaintiff cannot now view the actual document which Mr. Garcia wanted him to electronically sign via DocuSign. A true and correct copy of the e-mail is attached as Exhibit "4".

64.     Instead, Plaintiff is now re-directed to a webpage which says "Envelope Unavailable" and states:

"For more information, please contact the sender.

Raziel Garcia
Strategic Funding Source, Inc.
rgarcia@kapitus.com"

*See* Exhibit "5", and true and correct printout of said website (accessed: April 6, 2022).

65.     This is significant because it confirms the fact that Mr. Garcia was working on behalf of Defendant, Strategic Funding Source, Inc., which does business as Kapitus.

66.     Upon information and belief, Strategic Funding Source, Inc. rebranded itself as "Kapitus" in or around early 2019. See *https://debanked.com/2019/01/why-strategic-funding-rebranded-as-kapitus/* (accessed: April 6, 2022) *and https://www.prnewswire.com/news-releases/strategic-funding-source-announces-launch-of-new-brand-identity-unites-its-funding-arm-and-servicing-arm-under-the-name-kapitus-300778245.html* (accessed: April 6, 2022).

67.     Plaintiff did not want or need a loan or any financing.

68.     The impersonal and generic nature of Defendant's voicemail messages demonstrates that Defendant utilized an artificial or prerecorded voice in making the calls.

11

69.     These facts, as well as the geographic distance between the Plaintiff and Defendant and the fact that this was clearly an aggressive nationwide telemarketing campaign, indicate that the telemarketing calls (Numbers 7-8 and 11-14 as detailed above) were sent using an artificial or prerecorded voice message.

70.     Upon information and belief, Defendant's automated dialer also used a random or sequential number generator to send automated telemarketing calls/voicemails to Plaintiff's cell phone.

**Defendant Called Plaintiff without Consent; No Prior Existing Business Relationship**

71.     Defendant did not have the Plaintiff's prior express written consent to make any of these telemarketing calls.

72.     Prior to these unsolicited telephone communications, the Plaintiff has never done any business with Defendant and Plaintiff never provided Defendant with his cellular telephone number.

73.     Plaintiff never submitted an application for financing with Defendant or any of its agents or vendors.

74.     Plaintiff has never directed anyone to submit any application for financing on his behalf with Defendant or any of its agents or vendors.

75.     Plaintiff never "opted-in" to receive telephone communications, automated or otherwise, from Defendant or its agents/vendors.

76.     To the extent Defendant contends that they obtained consent or agreement from Plaintiff for the calls at issue here, the Telemarketing Sales Rule, 16 C.F.R. § 310.5(a)(5), requires that such records be maintained. In any event, consent is an affirmative defense under the TCPA, this defense is unavailable unless Defendant can show that they had prior express consent in writing,

12

and that they have otherwise complied with all of the requirements of 47 C.F.R. § 64.1200(c)(2), including maintaining written procedures on national do-not-call rules, training personnel on national do-not-call rules, maintaining an internal do-not-call list, and accessing the national do-not-call database no more than 31 days prior to making any calls, and maintaining records documenting such access. Defendant did not have prior express written consent to such calls from Plaintiff.

77.     Plaintiff pays for each incoming and outgoing call on his telephone under an unlimited calling arrangement, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii).

78.     Plaintiff received the calls on his private mobile telephone, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii). Plaintiff's telephone number is registered with T-Mobile as a cellular telephone number and is used for personal purposes.

79.     These telephone solicitations constituted "calls" under the TCPA that were not for emergency purposes.

80.     Defendant is not an organization exempt from the TCPA.

81.     Defendant's calls to Plaintiff were "telephone solicitations" as defined by the TCPA.

82.     Defendant's calls to Plaintiff were "unsolicited advertisements" as defined by the TCPA.

83.     Plaintiff was harmed by these calls. Plaintiff was temporarily deprived of legitimate use of his phone because of the call/text notifications, and his privacy was improperly invaded. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of plaintiff. The calls caused Plaintiff's cell phone battery's depletion, used up cellular data, and prevented Plaintiff from otherwise using his telephone for lawful purposes.

84.     In summary, Plaintiff received thirteen (13) telemarketing calls from Defendant, of which Plaintiff alleges that seven (7) were made using an artificial or prerecorded voice, to Plaintiff's personal and residential cell phone number which is registered on the National Do-Not-Call list.

## Causes Of Action

## First Cause of Action

(Negligent Violations of the TCPA, "ATDS" Prohibition, 47 U.S.C. § 227(b) et seq.)

85.     Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

86.     Defendant made telemarketing calls to Plaintiff's cellular telephone using an "artificial or prerecorded voice" as defined by the TCPA on at least seven (7) occasions in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

87.     As a result of Defendant's and Defendant's agents' negligent violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for himself $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

88.     Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

## Second Cause of Action
(Knowing and/or Willful Violation of the TCPA
"ATDS" Prohibition, 47 U.S.C. § 227(b) et seq.)

89.     Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

90.     Defendant made telemarketing calls to Plaintiff's cellular telephone using an "artificial or prerecorded voice" as defined by the TCPA on at least seven (7) occasions in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

**91.**     Plaintiff was statutorily damaged at least seven (7) times under 47 U.S.C. § 227(b)(3)(B)

by the Defendant by the automated telemarketing calls described above.

**92.**     As a result of Defendant's and Defendant's agents' knowing and/or willful violations of

47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for himself treble damages, as provided by statute, up

to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

**93.**     Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such

conduct in the future.

**Third Cause of Action**

(Negligent Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. § 227(c) et seq.)

**94.**     Plaintiff incorporates and realleges, as though fully set forth herein, each of the

paragraphs above.

**95.**     Defendant called Plaintiff's private residential telephone number which was successfully

registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the calls,

for the purposes of commercial solicitation, in violation of 47 U.S.C. § 227(c)(3)(F), and 47

C.F.R. § 64.1200(c)(2).

**96.**     Plaintiff was statutorily damaged at least thirteen (13) times under 47 U.S.C. §

227(c)(3)(F) by the Defendant by the telemarketing calls described above, in the amount of

$500.00 per call.

**97.**     As a result of Defendant's and Defendant's agents' violations of 47 U.S.C. §

227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2), Plaintiff seeks for himself $500 in statutory

damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

**98.**     Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting

such conduct in the future.

**Fourth Cause of Action**

15

(Knowing and/or Willful Violation of the TCPA
"Sales Call/DNC" Prohibition, 47 U.S.C. § 227 et seq.)

**99.**     Plaintiff incorporates and realleges, as though fully set forth herein, each of the

paragraphs above.

**100.**     Defendant called Plaintiff's private residential telephone number which was successfully

registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the calls,

for the purposes of commercial solicitation, in violation of 47 U.S.C. § 227(c)(3)(F), and 47

C.F.R. § 64.1200(c)(2).

**101.**     Plaintiff was statutorily damaged at least thirteen (13) times under 47 U.S.C. §

227(c)(3)(F) by the Defendants by the telemarketing calls described above, in the amount of

$500.00 per call.

**102.**     As a result of Defendant's and Defendant's agents' knowing and/or willful violations

of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself treble

damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47

U.S.C. § 227(c)(5).

**WHEREFORE, Plaintiff prays for relief against Defendant, as follows:**
**I.     Prayer for Relief**

On Counts 1-4:

1.   For awards of $500 for each negligent violation as set forth in Counts 1-4.

2.   For awards of $1,500 for each knowing and/or willful violation as set forth in Counts

1-4.

3.   Injunctive relief against Defendants, and each of them, to prevent future wrongdoing;

Total statutory damages: **$30,000.00** (Seven (7) counts of: "Automated Call using an Artificial or Prerecorded Voice", and Thirteen (13) counts of "Sales call to a number registered on the National Do-Not-Call Registry", with treble damages for each.)

4. Prejudgment interest at the maximum legal rate;

5. Costs of suit herein incurred; and

6. All such other and further relief as the Court deems proper.


## II.   **Demand for Jury Trial**

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: April 6, 2022

*James E. Shelton*
James Everett Shelton
*Plaintiff, Pro Se*
316 Covered Bridge Road
King of Prussia, PA 19406
Phone: 484-626-3942
Jeshelton595@gmail.com

## **<u>VERIFICATION</u>**

I, JAMES EVERETT SHELTON, Plaintiff, Pro Se, verify that the facts set forth in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that the statements made herein are subject to the penalties of 18 PA. C.S. § 4904 related to unsworn falsification to authorities.

Dated: April 6, 2022

*James E Shelton*
JAMES EVERETT SHELTON

(Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

JAMES EVERETT SHELTON

**DEFENDANTS**

STRATEGIC FUNDING SOURCE, INC., d/b/a KAPITUS

**(b)** County of Residence of First Listed Plaintiff   **MONTGOMERY**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   **NEW YORK**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

James Everett Shelton, Plaintiff Pro Se, 316 Covered Bridge Road, King of Prussia, PA 19406, 484-626-3942

Attorneys *(If Known)*

Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question *(U.S. Government Not a Party)*

☐ 2 U.S. Government Defendant

☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | ☐ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans | ☐ 340 Marine | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 862 Black Lung (923) | ☒ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. 227 et. seq

Brief description of cause:
Violations of the TCPA

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $   30,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   04/06/2022

SIGNATURE OF ATTORNEY OF RECORD   *James E Shelton*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 10/20)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 316 Covered Bridge Road, King of Prussia, PA 19406 _____

Address of Defendant: _____ 120 W. 45th St, New York, NY 10036 _____

Place of Accident, Incident or Transaction: _____ By phone call to Plaintiff's phone in King of Prussia, Pennsylvania _____

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 04/06/2022 ____   *James E. Shelton*  Must sign here  ____   Pro Se ____
                       *Attorney-at-Law* (*Pro Se Plaintiff*)      *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

*A.*     *Federal Question Cases:*                                   *B.*     *Diversity Jurisdiction Cases:*

☐  1.  Indemnity Contract, Marine Contract, and All Other Contracts    ☐  1.  Insurance Contract and Other Contracts
☐  2.  FELA                                                            ☐  2.  Airplane Personal Injury
☐  3.  Jones Act-Personal Injury                                       ☐  3.  Assault, Defamation
☐  4.  Antitrust                                                       ☐  4.  Marine Personal Injury
☐  5.  Patent                                                          ☐  5.  Motor Vehicle Personal Injury
☐  6.  Labor-Management Relations                                      ☐  6.  Other Personal Injury *(Please specify):* _____
☐  7.  Civil Rights                                                    ☐  7.  Products Liability
☐  8.  Habeas Corpus                                                   ☐  8.  Products Liability – Asbestos
☐  9.  Securities Act(s) Cases                                         ☐  9.  All other Diversity Cases
☐  10. Social Security Review Cases                                            *(Please specify):* _____
☑  11. All other Federal Question Cases
       *(Please specify):* _____ TCPA, 47 U.S.C. 227 _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ James Everett Shelton _____ , counsel of record *or* pro se plaintiff, do hereby certify:

☐  Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑  Relief other than monetary damages is sought.

DATE: 04/06/2022 ____   *James E. Shelton*  Sign here if applicable  ____   Pro Se ____
                       *Attorney-at-Law* (*Pro Se Plaintiff*)      *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

JAMES EVERETT SHELTON  :  CIVIL ACTION
  :
  :
       v.  :
  :
STRATEGIC FUNDING SOURCE,  :  NO.
INC., d/b/a KAPITUS

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

04/06/2022          _James E Shelton_          (Pro Se)
**Date**          **Attorney-at-law**          **Attorney for**

484-626-3942                    jeshelton595@gmail.com

**Telephone**          **FAX Number**          **E-Mail Address**

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

**UNITED STATES**
**POSTAL SERVICE** ® | **PRIORITY** ®

**MAIL**

■ Expected delivery date specified

■ Most domestic shipments include

■ USPS Tracking® included for dom

■ Limited international insurance.**

■ When used internationally, a cust

*Insurance does not cover certain items. For
Domestic Mail Manual at http://pe.usps.com
** See International Mail Manual at http://pe.

**FLAT RATE ENVI**
ONE RATE ■ ANY WEIGHT

**TRACKED ■ INSU**

PS00001000014

OD: 12 1/2 × 9 1/2

**P** | **UNITED STATES**
**POSTAL SERVICE** ®

**PRIORITY MAIL 2-DAY®**

US POSTAGE PAID
Origin: 92109
04/06/22
0567370109-02

**$8.95**

*Retail*

EXPECTED DELIVERY DAY: 04/08/22

0 Lb 7.30 Oz

C019    1023

SHIP
TO:
601 MARKET ST
RM 2609
PHILADELPHIA PA 19106-1732

USPS TRACKING® #

9505 5163 3464 2096 0046 35

USPS.COM/PICKUP

Label 228, March 2016

FOR DOMESTIC AND INTERNATIONAL USE



**PRIORITY**
★ **MAIL** ★

**UNITED STATES**
**POSTAL SERVICE** ®

VISIT US AT USPS.COM ®
ORDER FREE SUPPLIES ONLINE

FROM:



RECEIVED
APR 8 2022

FROM: James Everett Shelton
316 Covered Bridge Rd
King of Prussia PA 19406

TO: Clerk of Court - EDPA
U.S. District Court
601 Market Street
Room 2609
Philadelphia PA 19106

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments.
Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; May 2020; All rights reserved.